SILER, Circuit Judge,
concurring.
I concur in the majority decision, but I wish to amplify on the pending case on remand. The district court may have meant to dismiss this case because Kim Davis was protected by the Kentucky Religious Freedom Restoration Act, KRS § 446.350 (2013), but it did not discuss the issue. The statute provides as follows:
Government shall not substantially burden a person’s freedom of religion. The right to act or refuse to act in a manner motivated by a sincerely held religious belief may not be substantially burdened unless the government proves by clear and convincing evidence that it has a compelling governmental interest in infringing the specific act or refusal to act and has used the least restrictive means to further that interest. A “burden” shall include indirect burdens such as withholding benefits, assessing penalties, or an exclusion from programs or access to facilities.
That law was passed by the Kentucky General Assembly before Obergefell v. Hodges, — U.S. -, 135 S.Ct. 2584, 192 L.Ed.2d 609 (2015), was decided. To be sure, maybe Davis was not using that law as a shield to excuse her from issuing the marriage licenses after Obergefell. Or maybe no defense could be made based upon that statute once Obergefell was decided in 2015. But the district court has never ruled on the effect of that statute upon the conduct of the county clerk. It should have the first opportunity upon remand to decide whether that or any other provision of the law would protect Davis as a qualified-immunity or absolute-immunity defense under the circumstances.